ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| WILFREDO G. SANTOS VÁZQUEZ<br><br>    Peticionarios<br><br>    v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN Y OTROS<br><br>    Recurrido | **KLCE202401146** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.: BY2024CV05396<br><br>Sobre: Petición de Abogado |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 15 de enero de 2025.

Comparece ante este foro, el Sr. Wilfredo G. Santos Vázquez (señor Santos o "el peticionario"), por derecho propio y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, notificada el 16 de septiembre de 2024. Mediante el referido dictamen, el foro primario emitió una *Orden* para expedir varios emplazamientos. A su vez, hizo constar que no expediría otros emplazamientos a demandados no mencionados.

Por los fundamentos que exponemos a continuación, **DENEGAMOS** el recurso de *certiorari*.

### I.

El 9 de septiembre de 2024, el señor Santos, quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR o "parte recurrida") presentó por derecho propio una *Demanda* de daños y

perjuicios en contra del DCR y "otros empleados".[1]  En esta, indicó que las personas demandadas no habían sido emplazadas, debido a que no tenía un representante legal que realizara los diligenciamientos pertinentes, por ello, solicitó le fuera asignado un abogado.  A su vez, en esencia, sostuvo que ha sufrido violaciones a sus derechos civiles y constitucionales.

El 9 de septiembre de 2024, el señor Santos presentó una *Moción de Petición de Abogado*.[2]  Mediante la cual, reiteró no tener los conocimientos necesarios para defender sus intereses, ni cumplir con las reglas procesales.  Añadió que, había agotado los remedios administrativos para solicitar un abogado.

El 23 de septiembre de 2024, el foro primario notificó una *Orden* indicando que la petición de abogado sería atendida posteriormente.[3]

El 27 de septiembre de 2024, el DCR presentó una *Moción en Solicitud de Exposición Más Definida*, mediante esta, solicitó que el peticionario enmendara su escrito para que las partes pudieran formular una alegacion responsiva.[4]

Así las cosas, el 1 de octubre de 2024, el foro primario emitió una *Orden*, solicitándole al señor Santos que enmendara la demanda para que presentara una exposición definida de sus alegaciones.[5]

El 21 de octubre de 2024, el peticionario instó el recurso que nos ocupa, no obstante, aunque no formuló un

---

[1] Véase, *Demanda*, entrada núm. 1 en el Sistema Unificado y Administración de Casos (SUMAC).  En la *Demanda* el peticionario en el inciso dos (2) sólo dispuso como parte demandada a "otros empleados" que son personas que proveen servicios específicos para el "DCR".
[2] Véase, *Moción de Petición de Abogado*, entrada núm. 4 en SUMAC.
[3] Véase, *Orden*, entrada núm. 12 en SUMAC.
[4] Véase, *Moción en Solicitud de Exposición Más Definida*, entrada núm. 13 en SUMAC.
[5] Véase, *Orden*, entrada núm. 14 en SUMAC.

señalamiento de error en específico, sí manifestó su inconformidad con la determinación recurrida e indica que acude ante este Foro solicitando se le conceda un abogado de oficio.

Por otro lado, el DCR compareció mediante *Solicitud de Desestimación*. En esencia, solicitaron la desestimación del recurso por éste incumplir con las disposiciones del Reglamento de este Foro.

Estando en posición de resolver, procedemos a así hacerlo.

## II.

## -A-

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo,* supra, pág. 372; *Torres González v. Zaragoza Meléndez,* supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la

expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por ello, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty,* supra, pág. 97.

### III.

En su comparecencia ante nos, el señor Santos alega no estar conforme con la determinación del foro primario al ordenar varios diligenciamientos de emplazamientos, sin incluir a aquellos otros demandados, que, aunque no mencionó por sus nombres, indicó que eran empleados del DCR. Añadió que, no mencionó a esos "otros empleados" por su falta de conocimiento del derecho. Reiteró que, debido a esa razón, solicitó le fuera asignado un abogado de oficio.

Sin embargo, de una lectura del expediente, constatamos que el foro primario no ha denegado su solicitud de asignación de abogado, sino que dejó la petición para atenderla posteriormente.

Así pues, tras evaluar los planteamientos esbozados en la petición de certiorari a la luz de nuestro estado de derecho, no detectamos criterio alguno de los establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, que amerite nuestra intervención con la Orden recurrida. Tampoco se desprende que haya mediado prejuicio o parcialidad en el dictamen recurrido, ni que éste sea contrario a Derecho. En consecuencia, procede la denegatoria de la petición ante nuestra consideración.

Si bien denegamos la petición de *certiorari*, básicamente por entender que la petición de asignación de abogado no ha sido resuelta, llegamos a esta determinación bajo el entendimiento y expectativa de que el foro revisado actuará prontamente con diligencia. Cuando el Tribunal de Primera Instancia resuelva la solicitud de asignación de abogado la parte que entienda que en ese momento el foro actuó erróneamente podrá

presentar un nuevo recurso de *certiorari*, de estimarlo procedente en Derecho.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** el recurso de epígrafe.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones